No. 13,930.

LONDON OPTION GOLD MINING COMPANY *v.* DEMPSEY ET AL., EXECUTORS.
(66 P. [2d] 327)

Decided March 15, 1937.

Mr. R. R. RILEY, for plaintiff in error.

Mr. CHAS. C. ADAMS, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANTS in error were plaintiffs in the trial court where they obtained judgment against defendant, plaintiff in error here, forfeiting a lease and for possession of mining property. The parties will be herein designated as they appeared in the trial court.

Plaintiffs are executors of the estate of Albert J. Dempsey, deceased, who in his lifetime was the owner of certain mining property in Park county, Colorado, upon which, August 24, 1930, he executed a lease which soon thereafter, with his consent, was assigned to defendant, The London Option Gold Mining Company. This lease is identified as Exhibit A and is made a part of the complaint. After Dempsey's death the property was handled by the representatives of his estate. Litigation with reference to it arose between the estate, the company, and

others. In an effort by the partes to compromise the litigation, an agreement was entered into on March 24, 1933, between the estate by the executors, and the assignee company. In substance the agreement is to the effect that the company, as assignee of the mining lease, would operate the property upon certain fixed terms and conditions, and that upon its failure to perform any covenant or requirement specified, the agreement under which it had possession could be terminated at the option of the estate, which could dispossess any persons in possession without process of law, and all rights of the lessee or assignee should, in that event cease, and revert to the lessor estate. This agreement also was made a part of the complaint and identified as Exhibit B. Defendant as such assignee or lessee failed to perform the conditions of the lease and subsequent agreement, and plaintiffs, as executors of the Dempsey estate, on January 16, 1934, filed their complaint in the district court of Park county, alleging breach of the terms of the lease and agreement, and sought judgment ousting defendants from possession and for damages for wrongful detention of the property; to enjoin defendant from continuation of its wrongful possession, and for the appointment of a receiver. Service was had upon defendant which appeared and filed various motions, a demurrer and answer. Thereafter notice was served on defendant that the case would be called up for hearing October 15, 1934, and on that day, defendant not appearing by attorney or at all, the court on its own motion continued the trial to October 24, 1934. On that day defendant again failed to appear, whereupon plaintiffs submitted proof and the court entered judgment. Its decree was to the effect that the defendant company had failed to comply with the terms of the lease and agreement; it adjudged that the heirs of the estate were the owners, and entitled to immediate possession of the property in controversy; defendant was enjoined from further occupancy; and the lease and agreement were adjudged to be forfeited, and null and void as between

the parties. April 25, 1935, defendant company, through another attorney, moved the court that the judgment and decree be vacated and set aside. No grounds were stated as a basis of the motion, but it was supported by eight affidavits, none of which set forth a sufficient reason for vacating the judgment or presented a defense to the original complaint. May 20, 1935, the court ordered that the judgment be vacated, saving exceptions of plaintiffs.

Defendants in error assign cross error on this order and judgment of the court, but it appears that the motion to vacate was filed during the term in which the judgment was entered; the matter therefore rested in the sound discretion of the trial court, and unless such discretion was abused, its action thereon will not be disturbed. We find no reason why the rule should not apply in this case, as will appear from the subsequent proceedings.

After vacation of the judgment plaintiffs petitioned the trial court for permission to file a supplemental complaint, which permission was granted, and the complaint filed. Defendant filed its supplemental answer alleging interference by the representatives of the estate in the operation of the property, and that the plaintiffs have no right, title or interest in the subject matter of the action since all interests therein and thereto had been assigned by plaintiffs to Irven F. Dempsey, one of the plaintiffs and executors of the estate. Trial was to the court and November 7, 1935, decree and judgment was entered for plaintiffs substantially the same as that of October 24, 1934. The latter judgment is the subject of this review.

We concur with both parties in the criticism that the record before us is incomplete, poorly arranged, and not sufficiently abstracted. The only specific error assigned by plaintiff in error is, that the court erred in denying admission in evidence of nine documents which it offered. These exhibits appear to be deeds and assignments of interest in and to certain mining claims, exe-

cuted by various heirs of A. J. Dempsey to Irven F. Dempsey, one of the executors of the estate and as such, one of the plaintiffs herein. These deeds and assignments were made prior to the date of the execution of Exhibit B and it is clearly apparent that they are immaterial as affecting the rights of the executors, or the title of the estate to the property involved. Defendant contends that under these instruments, plaintiffs had no title to the property in question and that they therefore are not the real parties in interest. But plaintiffs do not claim title to the property as individuals; they are and were acting in their capacity as executors of the estate in which title to this property had vested, and whatever occurred between the heirs of A. J. Dempsey, is immaterial as affecting the rights and capacity of plaintiffs herein, as such executors. If, to preserve the estate—a statutory duty—the executors executed the agreement, Exhibit B, rightfully, which cannot be questioned, then they had the right to enforce the same for the benefit of the estate. Defendant is in no position to question their authority, because it entered into the agreement, received benefits thereunder, and now seeks further benefits by attempting to continue and enforce the terms thereof to its advantage. If, as it contends, plaintiffs had no right to make the agreement or bring this action, then it was at all times, when in possession of the property involved, a trespasser thereon. That it did enter upon and remain in possession of the property under said agreement, is specifically admitted in its supplemental answer.

Other questions not within the assignments of error are presented by argument. The attention of the trial court was not directed to them and it had no opportunity of avoiding or correcting the error, if any, resulting therefrom. They do not merit and will not receive our consideration.

The judgment should be and is affirmed.

Mr. Chief Justice Burke and Mr. Justice Knous concur.